In re Lawrence Steven GASTALDO, Debtor.

Kathryn A. BELFANCE, Trustee/Plaintiff,

v.

BANCOHIO/NATIONAL BANK, Defendant.

In re Dennis Wayne SPRY, Sr. aka Denny Spry and Mary Elaine Spry, aka Mary E. Spry, Debtor.

Kathryn A. BELFANCE, Trustee/Plaintiff,

v.

BANCOHIO/NATIONAL BANK, Defendant.

Larry C. Jones, Linda Carol Jones, Debtors.

Kathryn BELFANCE, Trustee/Plaintiff,

v.

BANCOHIO NATIONAL BANK, Defendant.

Bankruptcy Nos. 580–1350, 579–1175 and 580–1519.
Adv. Nos. 581–0276, 580–0422 and 581–0436.

United States Bankruptcy Court, N. D. Ohio.

Aug. 28, 1981.

Kathryn Belfance, Akron, Ohio, Trustee.

Frederick Corns, Akron, Ohio, for defendant.

## FINDING AS TO PREFERENCE

H. F. WHITE, Bankruptcy Judge.

Three separate complaints to recover property as a preferential transfer were filed by the trustee in bankruptcy for each estate. The facts and issue of law are the same in each case.

The defendant, BancOhio, filed an answer in the Spry case admitting receipts of $432.84, but denied that it received a greater percentage of its debt than it would have received under the distribution provisions of the Bankruptcy Code had it not received such a transfer.

In the Larry C. Jones and Linda Carol Jones case the Trustee seeks to recover $356.86 from BancOhio for the same reason.

The Trustee in the Lawrence Steven Gastaldo case, in the complaint, sought to recover the sum of $554.70 for the estate from BancOhio for the same reason. The Trustee subsequently filed a motion for summary judgment seeking to recover the sum of $369.80. The Trustee and bankrupts were the only witnesses at the trials. The defendant offered no evidence to refute the Trustee's claims.

## FINDING OF FACT

The Court finds that in the Dennis Wayne Spry case the Trustee has $100.00 in

her Trustee's account. The debts as scheduled amount to $35,914.99 and the assets amount to $26,700.00. The assets are either mortgaged to creditors or are subject to the debtors' claims for exemption.

The testimony of the Trustee and Dennis Wayne Spry is that there are no other assets in the estate for the creditors, except the preference action against the bank. There are other creditors in the same class as BancOhio National Bank that received no payments within the ninety-day period.

The Court finds that in the Larry C. and Linda C. Jones case the Trustee has $136.70 in her Trustee's account. Debts scheduled amount to $28,716.00 and assets amount to $6,000.00. Said assets are either mortgaged to creditors or are subject to the debtors' claims for exemptions. There were no objections filed to the debtors' claims for exemptions. The Trustee and the debtors testified that there are no other assets in the estate available for distribution to creditors except for the instant preference action against the bank. There are other creditors in the same class as BancOhio National Bank that received no payment within the ninety-day period.

The Court finds that in the Lawrence Steven Gastaldo case the Trustee has $116.46 in her Trustee's account. Debts scheduled amount to $12,265.00 and assets scheduled amount to $4,750.00. Said assets are either mortgaged to creditors or are subject to debtor's claims for exemptions. There were no objections filed to debtor's claim for exemptions. The Trustee and the debtor testified that there are no other assets in the estate available for distribution to creditors except for the instant preference action against the bank. There are other creditors in the same class as BancOhio National Bank that received no payment within the ninety-day period.

The creditor in all these cases never offered any evidence to support its contention, but rested after the Trustee rested her cases.

## ISSUES

Did the transfers of property of the debtors to the creditor constitute voidable preferences under 11 U.S.C. § 547(b) and did the Trustee prove, as an element of the preferences, that the creditor in these cases received more than it would have received out of the bankruptcy estates if said transfers had not been made?

## DISCUSSION OF LAW

A Trustee may avoid a transfer of property of the debtor to a creditor as a preference if the Trustee proves that the five elements of a preference under 11 U.S.C. § 547(b) are met. 11 U.S.C. § 547(b) provides that:

Except as provided in subsection (c) of this section, the trustee may avoid any transfer of property of the debtor—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; or

(B) between 90 days and one year before the date of the filing of the petition, if such creditor, at the time of such transfer—

(i) was an insider; and

(ii) had reasonable cause to believe the debtor was insolvent at the time of such transfer; and

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) The transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

Creditor, herein concedes that the transfers at issue meet the first four elements of a preference under § 547(b). However, creditor denies the existence of the fifth

and final element of a preference known as the greater percentage test. To meet the greater percentage test, the Trustee must prove that there will not be sufficient assets in the bankruptcy estate to pay other creditors in the same class as the preferred creditor the same amount the preferred creditor received.

Curtis L. Mann in an article in the *Commercial Law Journal*, February 1981, page 49 states:

However, for a great number of cases, the drafters of the new Code have created a very substantial new problem for the Trustee. The new element of proof can make it impossible or nearly impossible for him to recover a preference. The Trustee's problem is that he either will not be able to prove the 'greater percentage' element, even if it is reasonably clear that the creditor has been preferred, or the proof is going to be extremely difficult and expensive.

Mr. Mann further states:

We can foresee countless hours being spent in assembling proof and then presenting to the Court evidence necessary to prove or disprove the 'greater percentage' test, particularly if the dollar amount is substantial. Conversely, we can see meritorious preference actions being abandoned if the dollar amount is more modest, as the cost of proving 'greater percentage' can quickly become very substantial. A relatively simple preference case has certainly become very difficult and expensive to prove by virtue of this new test.

Creditor contends that the Trustee's assertion that there are no assets which will come into the hands of the Trustee for the benefit of the creditors of the estate is speculative. Creditor argues that as long as the estate is open the Trustee may possibly recover additional property, such as an inheritance the debtor becomes entitled to within 180 days after the date of the filing of the petition [1] or property the debtor may have attempted to conceal, and that such property would become assets of the estate available for distribution to creditors.

It was the opinion of this Court that the Trustee at the time of the trial had met her burden of proof under the greater percentage test by showing by diligent investigation that it is highly unlikely that other funds would come into the estate to pay other creditors in the same class as the preferred creditor the same amount the preferred creditor received from the debtor. To follow creditor's argument that as long as the estate is open the Trustee *may* possibly recover additional property would make it impossible for a Trustee to recover any transfer as a preference.

According to the House of Representative Report on the provisions of the Bankruptcy Code, the purpose of the preference was to "facilitate the prime bankruptcy policy of equality of distribution among creditors of the debtor. Any creditor that received a greater payment than others of his class is required to disgorge so that all may share equally." H.R.Rep.No.595, 95th Cong., 1st Sess., 178 (1977), U.S.Code Cong. & Admin. News 1978, pp. 5787, 6138.

Further the creditor's argument also fails as to the possible future recovery of assets. If that event should occur at a later date and the Trustee would obtain additional assets into the estate, the creditor, BancOhio National Bank, would share pro-rata in the dividends received with other creditors of the same class. Therefore, they would not be prejudiced.

It is the conclusion of this Court that the transfers of property of the debtors to the creditor do constitute voidable preferences under 11 U.S.C. § 547(b) and the Trustee has prevailed as to the "greater percentage test".

Therefore, the Trustee's complaints to recover judgments against BancOhio National Bank should be granted to the extent of $369.80 in the Lawrence Steven Gastaldo case; $288.56 in the Dennis Wayne Spry case; and $350.86 in the Larry C. Jones case.

---

1. 11 U.S.C. § 541(a)(5)(A).